IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP.<br><br>        Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability, and to provide appropriate relief to Luis Quinones who was adversely affected by such practices. As pled with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Defendant Wal-Mart Stores East, LP ("Defendant") discriminated against Mr. Quinones because of a disability or because of a record of a disability and failed to provide him with a reasonable accommodation for a disability in violation of the ADA, 42 U.S.C. § 12101, et seq.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42

1

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Aiken Division.

## PARTIES

4.  The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e5(f)(1).

5.  At all relevant times, Defendant has been a Delaware limited partnership continuously doing business in the State of South Carolina and in the County of Aiken and has continuously had at least fifteen (15) employees.

6.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.  More than thirty (30) days prior to the institution of this lawsuit, Mr. Quinones filed a charge with the Commission alleging violations of the ADA by Defendant.

9.  Defendant responded to Mr. Quinones' charge and participated in all aspects of the Commission's administrative investigation.

10. By letter dated September 7, 2021, the Commission notified Defendant that the Commission has reasonable cause to believe that Defendant violated the ADA. The Commission invited Defendant to participate in informal methods of conciliation in an attempt to eliminate the unlawful employment practices and secure appropriate relief.

11. The Parties engaged in conciliation but were not able to reach an agreement acceptable to the Commission.

12. By letter dated April 14, 2022, the Commission notified Defendant that conciliation efforts had failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Mr. Quinones is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

16. Mr. Quinones has physical impairments that substantially limit one or more major life activities, including standing, walking, and gripping.

17. Mr. Quinones is a congenital amputee. Specifically, he was born without the lower half of his right leg. He is missing part of four fingers on his left hand (knuckle forward) and missing two fingers on his right hand (second and third fingers).

18. Mr. Quinones has advanced degenerative joint disease and has arthritis in both knees. He uses a prosthetic on his right leg to ambulate.

19. These conditions adversely affect Mr. Quinones' musculoskeletal system.

20. Mr. Quinones also has a record of a disability.

21. On or about November 29, 2019, Defendant hired Mr. Quinones for a part-time Sales Associate position at a Walmart retail store located at 2035 Whiskey Road in Aiken, South Carolina, known to Defendant as Walmart Store #0514 ("Walmart #0514").

22. As a Sales Associate, Mr. Quinones' duties included stocking items, re-stocking misplaced or returned items, and adjusting product on the store shelves so that it was easily viewable for customers.

23. On or about his first day of employment, Mr. Quinones notified Defendant of his limited ability to stand for long periods and walk long distances. He requested a reasonable accommodation to allow him to perform the essential functions of his job.

24. People Lead/Human Resource Representative (HR Rep.) One told Mr. Quinones to submit a request for accommodation through Defendant's Accommodation Service Center. Mr. Quinones complied.

25. HR Rep. One told Mr. Quinones that Defendant needed him to continue working, and that he should take breaks as needed.

26. Mr. Quinones' Department Manager told him to use one of the store's electric shopping carts ("electric cart") to provide the support he needed to perform his duties.

27. Mr. Quinones' thereafter used one of the store's motorized carts to perform the essential functions of his job.

28. The use of the electric cart was open and with the express consent of Defendant's store managers.

29. During the relevant time period, Defendant did not have a written policy prohibiting employees from using the electric shopping carts to perform their job duties and allowed employees to use the carts to perform their jobs if they had temporary injuries.

30. During the relevant time period, Defendant had approximately eight electric shopping carts offered to customers for in-store shopping.

31. Between approximately December 2019 through July 2020, Mr. Quinones continued to use the electric cart with Defendant's permission.

32. Mr. Quinones completed his probationary period with the use of the cart around March 2020.

33. Between approximately December 2019 through July 2020, Mr. Quinones met or exceeded Defendant's legitimate performance expectations with the use of the electric cart.

34. Around March 2020, HR Rep. One voluntarily transferred to a position at a different store and was replaced by HR Rep. Two at Store #0514.

35. On or about June 9, 2020, HR Rep. Two called Mr. Quinones into her office, told him that the electric carts were for customer use only, and that he would need to formally request the accommodation through Defendant's Accommodation Service Center.

36. Mr. Quinones applied for an accommodation as instructed and provided all requested documentation.

37. HR Rep. Two told Mr. Quinones that he could continue to use the electric cart to perform his job duties while he waited for a formal determination on his accommodation request.

38. On or about July 15, 2020, Defendant notified Mr. Quinones that it determined he was not qualified to perform the essential functions of the Sales Associate position

39. On or about July 15, 2020, HR Rep. Two told Mr. Quinones that he could no longer use the cart but could be reassigned to a Self Checkout Host position; a job Mr. Quinones is not able to perform due to his disability.

40. On or about July 15, 2020, Defendant placed Mr. Quinones on unpaid leave.

41. Mr. Quinones requested reconsideration of his ability to perform the essential functions of the Sales Associate position.

42. Mr. Quinones requested an alternative reassignment to a position more in line with his physical abilities and suggested a Greeter or Fitting Room Attendant position that would not require extended periods of standing or walking and were not as physically demanding as the Self Checkout Host position. Respondent denied this request.

43. On or about August 3, 2020, Defendant's Accommodation Service Center reversed its prior decision and determined that Mr. Quinones was indeed able to perform the essential functions of the Sales Associate position with the use of a personal motorized cart.

44. The redetermination did not include approval for Mr. Quinones to use one of the store's electric carts, but rather indicated that Mr. Quinones would have to provide his own electric cart.

45. Mr. Quinones does not use a motorized cart in his daily life, does not personally own a motorized cart, and has no means of purchasing or transporting a motorized cart.

46. Mr. Quinones asked Defendant if he could purchase one of Defendant's carts and pay in installments. Defendant denied his request.

47. Upon information and belief, Mr. Quinones continues to be employed by Defendant but remains on unpaid leave. Defendant refuses to reinstate the accommodation of allowing Mr. Quinones to use the motorized cart to assist him in the performance of his job.

## COUNT I:
### *Violation of the ADA*
### *Failure to Make Reasonable Accommodation*

48. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47 above.

49. From around July 2020 to the present, Defendant engaged in and continues to engage in unlawful employment practices at its Aiken, South Carolina facility in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by failing to provide a reasonable accommodation for Mr. Quinones, a qualified individual with a disability under Section 101(8) of the ADA, 42 U.S.C. § 12102 and 12111(8).

50. At all relevant times, Mr. Quinones was qualified to perform the essential functions of his job with or without a reasonable accommodation.

51. At all relevant times, Mr. Quinones performed his job in a manner that met Defendant's legitimate job performance expectations.

52. Granting Mr. Quinones use of the electric cart during his working hours did not create an undue hardship for Defendant during the months that the accommodation was in place.

53. Reinstating the accommodation of using the motorized cart would not create an undue hardship moving forward.

54. Accommodating Mr. Quinones' disability by allowing him to use one of the store's motorized carts is a reasonable accommodation.

55. Defendant's unjustified revocation of an effective reasonable accommodation and failure to provide an alternative reasonable accommodation violates the ADA.

56 The practices complained of above have deprived Mr. Quinones of equal employment opportunities and have otherwise adversely affected his status as an employee because of his disability or his record of a disability.

57. The practices complained of above created significant financial hardship and emotional distress for Mr. Quinones, causing severe depression, sleeplessness, weight gain, exacerbation of disability-related conditions, loss of self-worth and difficulty in personal

relationships.

58.     The unlawful employment practices complained of above were intentional.

59.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Quinones.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability, including failing to accommodate an individual with a disability or record of a disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons or persons with a record of a disability, including providing reasonable accommodations where available, which eradicate the effects of past and present unlawful employment practices.

C.      Order Defendant to make Luis Quinones whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement and front pay.

D.      Order Defendant to make Luis Quinones whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendant to make Luis Quinones whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above,

8

including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

    F.    Order Defendant to pay to Luis Quinones punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

    G.    Grant such further relief as necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 8th August 2022.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA M. KOPKA
Supervisory Trial Attorney

s/ *Mary Kate Littlejohn*

MARY K. LITTLEJOHN
Trial Attorney
South Carolina Federal Bar No. 13690
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Greenville Local Office
301 N. Main Street, Suite 1402
Greenville, South Carolina 29601

Telephone: (864) 565-0353
Facsimile: (864) 241-4416
Email: mary.littlejohn@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**