IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C/A No. 1:22-cv-02596-JFA-TER |
| Plaintiff, | ) ) | |
| | ) | **CONSENT DECREE** |
| v. | ) ) | |
| WALMART, INC., | ) ) | |
| and | ) ) | |
| WAL-MART STORES EAST, LP., | ) ) | |
| Defendants. | ) | |

  The Equal Employment Opportunity Commission (the "Commission" or "EEOC") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Section 102 of the Civil Rights Act of 1991. The Commission's complaint alleges that Wal-Mart Stores East, LP and Walmart Inc. (collectively "Walmart") discriminated against Luis Quinones ("Mr. Quinones") by refusing to provide him with a reasonable accommodation in violation of the ADA. Walmart denies the allegations that it engaged in any unlawful conduct in violation of the ADA and does not make any admission of liability by entering into this Consent Decree.

  The Commission and Walmart (the "parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below.  Therefore, it is ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1:22-cv-02596-JFA-TER, EEOC Charge No. 436-2020-01759 filed by Mr. Quinones, which serves as the jurisdictional prerequisite in this case, and EEOC Charge No. 436-2024-00939 filed by Mr. Quinones.  Pursuant to this Consent Decree, Mr. Quinones will execute a release of claims set forth in Exhibit A.  This Consent Decree does not resolve any other charge of discrimination currently pending before the EEOC or any charge that may be filed in the future. The EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges or claims against Walmart, including but not limited to, the investigation and litigation of any other charges. Walmart reserves all rights to defend such actions.  Enforcement of this Consent Decree cannot be used to circumvent the EEOC's obligation under the ADA to exhaust administrative remedies prior to filing suit on behalf of any aggrieved individual.  This Consent Decree is the result of negotiation and compromise among the parties of disputed claims and shall not be construed as evidence of any violations by Walmart of any federal statute, regulation, or common law obligation.

2. The purpose and provisions of the ADA will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties regarding the matters discussed herein.

4.     The parties shall not contest the validity of this Consent Decree, or the jurisdiction of the United States District Court of the District of South Carolina to enforce this Consent Decree and its terms, or the right of the EEOC or Walmart to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree.

5.     The terms of this Consent Decree shall be binding on the present and future representatives, agents, directors, officers, successors and assigns of the parties.

## I.     SCOPE AND DURATION OF DECREE

6.     This Consent Decree applies solely to Walmart Store #0514 in Aiken, South Carolina.  The term of this Consent Decree shall be for two (2) years from its entry by the Court.

## II.     INJUNCTIVE RELIEF

7.     Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from:

(a)     failing to provide a reasonable accommodation to a qualified individual with a disability that impacts the major life activity of walking or standing employed by Walmart at Store #0514 if reasonable accommodation is needed to enable the individual to perform the essential functions of the position, unless doing so would impose an undue hardship or is not otherwise legally required;

(b)     eliminating an existing reasonable accommodation for a qualified individual with a disability that impacts the major life activity of walking or standing employed by Walmart at Store #0514 without identifying through the interactive process an alternative reasonable accommodation that would allow the employee to continue in their current position with Walmart unless:  (i) the employee no longer requires or desires a reasonable accommodation; (ii) the employee desires or is willing to transfer to another position where the employee does not need

the reasonable accommodation to perform the essential functions of the job; (iii) the employee cannot be reasonably accommodated in their current position without imposing an undue hardship; (iv) reasonable accommodation is not otherwise legally required; or (v) the accommodation is no longer reasonable; and

    (c)    reassigning a qualified individual with a disability that impacts the major life activity of walking or standing employed by Walmart at Store #0514 to a different position that the employee does not desire, unless it is determined through the interactive process that: (i) there is no reasonable accommodation that would permit the employee to perform the essential functions of their current position; (ii) all other reasonable accommodations in the current position would impose an undue hardship; or (iii) reasonable accommodation is not otherwise legally required.

### III.  MONETARY RELIEF

8.    Walmart shall pay Mr. Quinones the sum of Seventy Thousand Dollars ($70,000) (the "Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. Wal-Mart Stores East, LP, and Walmart, Inc.,* Civil Action No. 1:22-cv-02596-JFA-TER, EEOC Charge No. 436-2020-01759, and EEOC Charge No. 436-2024-00939.  Walmart shall, within thirty (30) days of the entry of this Consent Decree:

    (a)    issue a check payable to Luis Quinones and delivered to the address on his W-4 and W-9 forms in the amount of Forty-Five Thousand One Hundred Two Dollars and Eight Cents ($45,102.08), less all applicable tax withholdings, for claims related to lost wages (reported on an IRS Form W-2); and

    (b)    issue a check payable to Mr. Quinones and delivered to the address on his W-4 and W-9 forms in the amount of Twenty-Four Thousand Eight Hundred Ninety-Seven Dollars and

Ninety-Two Cents ($24,897.92), for claims related to compensatory damages (reported on an IRS Form 1099).

These payments are contingent on Mr. Quinones returning the following completed and executed documents: Associate Information Sheet, IRS W-4 and W-9 Form, and Exhibit A. If Mr. Quinones fails to provide any of these documents, completed and executed, prior to the entry of this Consent Decree, then payment will not be due until fourteen (14) days after receipt of these documents.

9.     Within ten (10) days of sending the checks to Mr. Quinones, Walmart shall provide the Commission a copy of the checks and proof of delivery.

10.    Neither the Commission nor Walmart makes any representation, or assumes any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Mr. Quinones may or may not incur on such payments under local, state, and/or federal law.

11.    The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, at least 60 days prior to when the form will be submitted to the IRS, the EEOC will provide Walmart with a copy of the 1098-F form.

If appropriate, the EEOC should email a copy of the form 1098-F to walmart@constangy.com and mail same to:

   Salvador Simao
   Constangy, Brooks, Smith & Prophete, LLP
   15 Independence Boulevard, Suite 420
   Warren, NJ  07059

12.    The Commission has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code. The

provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## IV.     NON-MONETARY RELIEF

13.     Within ten (10) days of the entry of this Consent Decree, or sooner if practicable, Walmart shall offer Mr. Quinones a part-time fitting room associate position at Store #4487 located at 3581 Richland Ave. W, Aiken SC 29801. Part-time shall mean a position that generally provides approximately twenty (20) to twenty-five (25) hours per week. Mr. Quinones shall be subject to all of Walmart's employment policies, procedures, performance requirements, and any business decisions(s) made by Walmart that affect any position he holds. Mr. Quinones avers that he has reviewed the job description for the fitting room associate position personally and with his healthcare provider and that having the ability to sit as needed and appropriate is the only reasonable accommodation he needs to perform the essential functions of this position.

### A.     POLICY AND PROCEDURE

14.     Within ninety (90) days of the entry of this Consent Decree, Walmart shall ensure that the policy and procedures for Store #0514 provide a mechanism for requesting a reasonable accommodation under the ADA, allow for an interactive process in determining whether a reasonable accommodation exists, and provide an avenue for employees to seek reconsideration if a reasonable accommodation request is denied. Walmart shall certify compliance with this

paragraph by providing written Notice to the Commission within one hundred twenty (120) days of entry of the Consent Decree.

15. Within ninety (90) days of the entry of this Consent Decree, Walmart shall ensure that the policy and procedure described above in paragraph 14 is available electronically to salaried members of management and human resources employees at Store #0514 who have the responsibility for monitoring or implementing reasonable accommodations. Walmart shall certify compliance with this provision by providing written Notice to the Commission within one hundred twenty (120) days of entry of the Consent Decree.

**B.     TRAINING**

16. During the term of this Consent Decree, Walmart shall provide annual training of at least ninety minutes to its salaried members of management and human resources employees at Store #0514 who have responsibility for monitoring or implementing reasonable accommodations. The first annual training must include an interactive component and will be delivered via video teleconferencing platform, except that salaried members of management and human resources employees who are absent from work due to reasons such as vacation, illness, or leave of absence when the training is provided can satisfy this provision by viewing a recorded version of the training. The subsequent training may be delivered by recording or video teleconferencing platform. Each training program shall include an explanation of:

(a)     the requirements of the ADA;

(b)     the ADA's prohibition against discrimination on the basis of disability, including by failing to provide a reasonable accommodation unless it would result in an undue hardship;

(c)     the ADA's prohibition against retaliation for engaging in activity protected by the ADA; and

(d) Walmart's reasonable accommodation and/or ADA policy and the processes by which an employee can request a reasonable accommodation as described in Paragraph 14 of this Consent Decree.

17. The first training conducted under this section shall be completed within six (6) months of the entry of the Consent Decree, and the second training shall be completed approximately twelve (12) months after the first training. Within thirty (30) days after each annual training, Walmart shall provide EEOC with written Notice of the date and time the trainings took place and a roster that includes the number of employees by job title who completed the training.

18. If at any time during the effective period of this Consent Decree, Walmart hires or promotes an individual to a position as a salaried member of management at Store #0514 or as a member of human resources who will have responsibility for monitoring or implementing reasonable accommodations at Store #0514 and who did not participate in the most recent training program provided, Walmart will provide that person a self-paced computer-based learning module that includes the subjects described in Paragraph 16 within sixty (60) days of that individual's placement in the new position.

C. POSTING OF NOTICE TO EMPLOYEES

19. Within thirty (30) days of the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Walmart shall post the attached Employee Notice, marked as Exhibit B, and hereby made a part of this Consent Decree, either (i) on its internal Intranet where it will be accessible to all associates at Store #0514; or (ii) in a conspicuous place upon the premises of Store #0514 where notices to employees are customarily posted. Within forty-five (45) days of the entry of this Consent Decree, Walmart shall certify to the Commission that the Employee Notice has been posted.

**D.     COMPLIANCE REPORTS**

20.     During the term of this Consent Decree, Walmart shall provide the Commission with three (3) reports.  The first report will be due one hundred twenty (120) days after entry of this Consent Decree.  The second and third reports will be due nine (9) months after the previous report.

21.     The reports will include the following information for employees at Store #0514 who obtained a reasonable accommodation for a disability that impacts the major life activity of walking or standing through Walmart's Accommodation Service Center:

(a)     for each individual who was granted a reasonable accommodation that was revoked during the reporting period:  (i) the date that the reasonable accommodation was revoked; (ii) details sufficient to describe why it was revoked; (iii) whether an alternative reasonable accommodation was offered in its place and a description of such accommodation; (iv) whether the individual's employment status changed after the accommodation was revoked; and (v) if the individual's employment status changed, the date on which it changed, the identity of the manager who authorized the change, how the employment status changed; and why it changed.

(b)     Walmart shall include with its reports a certification that the Notice identified as Exhibit B to this Consent Decree remains posted as required.

22.     In the event there is no activity to report pursuant to Paragraph 21(a), Walmart shall send the Commission a report stating there is no activity to report.  A report of no activity will not eliminate Walmart's obligation to provide the report set forth by Paragraph 21(b).

23.     If, during the term of this Consent Decree, one party believes the other party is in violation of the Consent Decree, that party shall give written notice of the alleged violation to the other party.  The responding party shall have thirty (30) days in which to investigate and respond

to the allegations. During this thirty (30) day investigation and response period, the parties agree that, upon seven (7) days written notice to its point of contact, the noticed party will make individuals that are currently employed available to be interviewed – either by video conference, teleconference, or in person. The noticing party may choose the method of interview, and if the party elects to conduct an in-person interview, the noticed party may choose the location, which will be within a reasonable distance of Store #0514. EEOC agrees that it will only interview current salaried employees in the presence of Walmart's legal representative. Thereafter, the parties shall then have a period of ten (10) business days, *i.e.*, days the Commission is open for business, or such additional period as may be agreed upon by them, in which to engage in negotiations regarding such allegations before the first party exercises any remedy provided by law. Notification of an alleged breach must occur not less than thirty (30) days prior to the expiration of this Consent Decree.

## V.     JURISDICTION

24.     During the duration of this Consent Decree, the Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. Only after exhausting the process set forth in Paragraph 23 may the EEOC or Walmart seek Court-ordered enforcement of the Consent Decree in the event of a breach of any provision herein.

## VI.     NOTICES

25.     All notices to Walmart by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Salvador Simao at ssimao@constangy.com and walmart@constangy.com. If at any time during the term of this Consent Decree Walmart's designated point of contact changes, Walmart shall notify the Commission and provide the name

and electronic mail address for a new designated point of contact within thirty (30) days of the change.

26. All notices, reports or other documents sent to the Commission by Walmart pursuant to this Consent Decree shall be sent by electronic mail to [EEOC-CTDO-decree-monitoring@eeoc.gov](mailto:EEOC-CTDO-decree-monitoring@eeoc.gov).

### VII.   MISCELLANEOUS PROVISIONS

27. Walmart shall notify all such successors-in-interest of the existence and terms of this Decree.

28. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

IT IS SO ORDERED.

March 7, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

The remainder of this page left blank intentionally.

By Consent:

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| KARLA GILBRIDE<br>General Counsel | *s/Cara Y. Crotty*<br>Fed ID No. 6869<br>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP<br>1301 Gervais Street, Suite 1020<br>Columbia, South Carolina 29201-3326<br>Tel: (803) 256-3200<br>ccrotty@constangycom |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| MELINDA C. DUGAS<br>Regional Attorney | |
| YLDA KOPKA<br>Assistant Regional Attorney | M. Brian Magargle<br>Fed ID No. 6166<br>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP<br>1301 Gervais Street, Suite 1020<br>Columbia, South Carolina 29201-3326<br>Tel: (803) 256-3200<br>bmagargle@constangycom |
| **s/ *Mary Katherine Littlejohn***<br>Mary K. Littlejohn, Trial Attorney<br>Federal Bar No. 13690<br>EEOC, Greenville Local Office<br>301 N. Main Street, Suite 1402<br>Greenville, South Carolina 29601<br>Telephone: (864) 565-0353<br>Facsimile: (864) 241-4416<br>mary.littlejohn@eeoc.gov | |
| Nicholas Wolfmeyer, Trial Attorney<br>Fl. Bar No. 127218<br>EEOC, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 909-5623<br>Facsimile: (704) 954-6412<br>nicholas.wolfmeyer@eeoc.gov | |
| Cheryl Carroll, Trial Attorney<br>Virginia Bar No. 68393<br>EEOC, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (980) 296-1294<br>Facsimile: (704) 954-6412<br>cheryl.carroll@eeoc.gov | |

Exhibit A

## RELEASE OF CLAIMS

In consideration for the monetary relief in the amount of $70,000 to be paid to me by or on behalf of Walmart Inc. and/or Wal-Mart Stores East, LP ("Walmart") pursuant to the Consent Decree entered on _____, in connection with the resolution of *Equal Employment Opportunity Commission v. Wal-Mart Stores East, LP, and Walmart, Inc.,* Civil Action No. 1:22-cv-02596-JFA-TER, EEOC Charge No. 436-2020-01759, and EEOC Charge No. 436-2024-00939. I release, acquit, discharge, and waive my right to recover for any claims of disability discrimination under the Americans with Disabilities Act, as amended, arising out of my employment with Walmart, that I had against Walmart prior to the date of this release and that were included in the claims alleged in the EEOC's Amended Complaint in this lawsuit, EEOC Charge No. 436-2020-01759, and/or EEOC Charge No. 436-2024-00939. In addition, I agree to withdraw EEOC Charge No. 436-2024-00939.

In witness whereof, Luis Quinones has caused this Release to be executed this ___ day of _____, 2024.

_____
Luis Quinones

Sworn before me this
___ day of _____, 2024
Notary Public

**EXHIBIT B**

# EMPLOYEE NOTICE



1.      This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Walmart.

2.      Federal law requires that employers provide reasonable accommodations to any person with a disability, unless such accommodation creates an undue hardship on the employer.  Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3.      Walmart will comply with such federal laws in all respects.  Furthermore, Walmart will not take any actions against associates because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S Equal Employment Opportunity Commission.

4.      Associates who would like to request a reasonable accommodation due to a disability should contact the Accommodation Service Center at 1-855-489-1600 and follow the instructions provided.  Associates may seek reconsideration of the ASC's determination for up to 30 days after the determination by calling 1-855-489-1600.  Associates may also request assistance from the Store Manager, the Co-Manager(s), the People Lead, or the People Operations Lead.  Complaints may be reported confidentiality and/or anonymously to the Global Ethics & Compliance Office using one of these methods:

- [www.walmartethics.com](www.walmartethics.com) and selection "Report a Concern"
- Access True North on the WIRE and select "Report a Concern"
- Email [ethics@walmart.com](ethics@walmart.com)
- Call 1-800-WMETHIC (1-800-963-8442)

5.      Associates have the right to report allegations of employment discrimination in the workplace.  An associate may contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for at least two (2) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: [INSERT DATE]